## PACE AND WIFE *vs.* BONNER.

[DETINUE FOR A SLAVE—CONSTRUCTION OF WILL.]

1. *As to rule of construction which gives effect to the latter of two repugnant clauses in a will.*—The rule of construction which sacrifices the former of two repugnant clauses in a will, is only applied on the failure of every attempt to give to the whole will such a construction as will render every part effective; and to this end clauses and sentences may be transposed, if by such transposition a consistent disposition may be deduced from the entire will.

2. *Bequest to one of negro woman " and all her increase which she now has or may hereafter have", and by subsequent clause to another of one of her children by name.*—A testator bequeathed to his daughter a negro woman, named Jinney, "and all her increase which she now has or may hereafter have", and by a subsequent clause gave to his son a negro boy named Moses, who was a child of Jinney's : *Held,* that the latter bequest must be construed as an exception to the former, and that the boy Moses passed to the testator's son.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

DETINUE by James M. Bonner against the appellants, for a negro boy named Moses, whom the plaintiff claimed under the will of his father, which was in these words :

" I ordain this my last will and testament, as follows, to-wit—1. I will that my just debts be paid. 2. I give and bequeath unto my daughter Emily one negro woman, Jinney, and all her increase which she now has or may hereafter have. I give and bequeath to my daughter Jane one negro woman, named Hagar, and her children Jane and Jim, together with their future increase. I give and bequeath unto my son Madison one negro man named Luke, one negro woman named Sophy, and one negro boy named Moses. 4. I give and be-

queath unto my wife one negro woman named Leah, and at her death I will that said negro woman shall be given to my son Madison. I will that all the rest of my property, at the death of my wife, be divided among my children. I appoint my brother, Jordan Bonner, and my wife, my executors."

It was proved, on the trial, that Mrs. Pace, one of the defendants, was the testator's daughter Emily named in the will,—that the boy Moses was the son of the woman Jinney, and that there was no other boy of that name belonging to the testator's estate ; " whereupon the court charged the jury, that, notwithstanding Moses is admitted to be the child of Jinney, yet, if this was the only slave of that name belonging to the testator, the bequest was to Madison, and he was entitled to hold Moses in preference to Emily." To this charge the defendants excepted, and they now assign it for error.

WATTS, JUDGE & JACKSON, for the appellants :

1. There can be no doubt that the boy Moses is twice bequeathed in the will—first to Emily, and afterwards to Madison ; and the gift to the latter is not more special than that to the former, although expressed in less general language. The gift to Emily, of all the increase of Jinney " *which she now has*", would not have been more certain if each of the children had been mentioned by name. If the subsequent gift to Madison had never been made, would not Moses have passed under the former clause to Emily ? *Id certum est quod certum reddi potest.*

2. Moses, then, being twice bequeathed by different clauses, what is the proper construction of the will? The rule of construction which gives effect to the latter of two repugnant clauses, is very curiously deduced by that "subtle commentator," Lord Coke, from the following text of Littleton :—"And if a man, at divers times, makes divers testaments, and divers devises, &c., yet the last devise and will made by him shall stand, and the others are void." In commenting upon this passage, Lord Coke deduces from the "&c." that "in one will, where there be divers devises of one thing, the last devise taketh place"; and this seems to have been the origin of the rule since so often unmeaningly quoted. But this is not the true rule. Mr. Hargrave, in his note on Coke's said

commentary, says,—" The opinion supported by the greatest number of authorities is, that the two devisees shall take in moieties."—2 Thomas' Coke, top p. 760, n. 12. The weight of authority, both English and American, is in favor of this proposition.—1 Jarman on Wills, mar. pp. 417–18 ; Keyes on Chattels, §§ 120 to 125; Field v. Eaton, 1 Dev. Eq. 284 ; McGuire v. Evans, 5 Ired. Eq. 269.

3. If the two legatees take by moieties, one cannot maintain detinue against the other.—Miller v. Eatman, 11 Ala. 609.

R. C. TORREY, *contra*, contended that the specific bequest of Madison must prevail over the previous bequest to Emily, and cited the following authorities : Hollins v. Coonan, 9 Gill's R. 62 ; Bradstreet v. Clark, 12 Wend. 602; Ulrich v. Litchfield, 2 Atk. 372 ;. Cuthbert v. Lempriere, 3 M. & Sel. 158 ; . Pratt v. Rice, 7 Cush. 209; Hunter v. Green, 22 Ala. 336 ; Walker v. Walker, 17 *ib.* 376; 2 Stew. 170; Baird v. Baird, 7 Ired. Eq. 265; Hunt v. Johnson, 10 B. Mon. 342.

CHILTON, C. J.—The slave, Moses, is the only one of that name owned by the testator, and he is the child of Jinney, who is given by the second clause of the will to the testator's daughter, Emily. Moses, then, is given to Emily by the second item as one of the children—" the increase she (Jinney) now has"—and by name to Madison, the plaintiff ; and as it is. alleged that the two bequests are repugnant, the plaintiff insists that the last to Madison must stand, and that consequently the first is void. The primary court so ruled the law to be.

There seems to be much conflict of authority on this subject, both in England and in this country. Lord Coke says,— "Also, in one will, where there are divers devises of one thing, the last devise taketh place. *Cum duo inter se pugnantia reperiuntur in testamento, ultimum ratum est.*"—2 Thomas' Coke, (ed. 1836) top p. 525. The annotators upon Coke, in a note to this passage, say : " The opinion supported by the greatest number of authorities is, that the two devisees shall take in moieties."

It is, however, unnecessary for us at this time to collate the cases *pro* and *con* upon the question, since they are gene-

rally agreed, that the rule which sacrifices the former of several contradictory clauses is never applied but on the failure of every attempt to give to the whole such a construction as will render every part effective.  To this end, clauses and sentences may be transposed, if by such transposition the court may give effect to the intention, and deduce a consistent disposition from the entire will.—1 Jar. on Wills, (2 Amer. ed.) p. 396–7, top.  As an illustration of this rule, the author just quoted observes,—". So, where testator, after devising the whole of his estate to A., devises black acre to B., the latter devise will be read as an exception out of the first, as if he had said, 'I give black acre to B., and subject thereto, all my estate, or the residue of my estate, to A.' "—Cuthbert v. Lempriere, 3 Maul. & Sel. 158.  The case before us is strikingly analogous to the case cited by way of illustration.  Here, the testator gives a negro woman slave, and all her present and future increase, to Emily, and then gives Moses, one of such increase, to his son Madison.  The last specific bequest of one of the slaves must be regarded as an exception out of the general bequest of all the woman's increase, and the will must be read as though the testator had said, 'I give Moses to Madison, and subject to this bequest, I give his mother, with all her present and future increase, to my daughter Emily'.  This construction gives effect, we think, to the true intention of the testator.  The other children of Jinney then born pass under the will to Emily ; and Moses, who is given by name to Madison, is excepted out of the increase, and passes to him.

Such being the view we entertain of the will, it follows that we sustain the ruling of the Circuit Court.

Judgment affirmed.